UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AKEEM JAMAL BELL,
    Plaintiff,

vs.                                                Case No.:  3:22cv07597/MCR/ZCB

ESCAMBIA COUNTY JAIL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  On October 11, 2022, the Court entered an order directing Plaintiff to file an amended civil rights complaint within thirty days.  (Doc. 12).  The Court directed the Clerk of Court to send Plaintiff the complaint form and notified Plaintiff that his failure to comply with an order of the Court would result in a recommendation of dismissal of this case.  (*Id.* at 2).  This order was returned as undeliverable with a note that Plaintiff was released, and the Clerk then forwarded the order to Plaintiff's record address.  (Doc. 13).

    Plaintiff did not file an amended complaint by the deadline.  Therefore, on November 29, 2022, the Court issued an order giving Plaintiff thirty days to show cause why this case should not be dismissed for his failure to comply with a Court order.  (Doc. 14).  The Court notified Plaintiff that his failure to show cause would

1

result in a recommendation of dismissal of this case. (*Id.*). The Court sent this order to both Plaintiff's Escambia County Jail and record addresses. (Doc. 15). The deadline for compliance with the show cause order has passed, and Plaintiff has not responded.

Further, Plaintiff has not returned a notice of change of address form to the Court. (*See* Doc. 15). At the outset of this case, Plaintiff was sent a "Notice to Pro Se Litigant" that specifically informed him that he was required to advise the Clerk of Court of any change in his mailing address. (Doc. 3). Plaintiff's failure to update his address does not excuse his failure to comply with Court orders. *See, e.g., Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), report and recommendation adopted, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of

the Court. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order").

At Pensacola, Florida, this 13th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**